### S91A0083, S91X0084. McCOY v. PATTEN GEORGIA CORPORATION; and vice versa.
#### (401 SE2d 9)

CLARKE, Chief Justice.

The property in question here was set aside as a year's support for the benefit of Pearl McCoy, the widow, and Willard McCoy, the minor child, of J. D. McCoy following his death intestate in 1961. In 1967, after Willard had reached majority, the ordinary granted the widow's petition to convey or encumber. In 1986 she conveyed part of the property to Allen Webb McCoy and Mary Lucille Hester.

Patten Georgia Corporation acquired an interest in the property from Pearl, Allen Webb McCoy, and Mary Lucille Hester by warranty deed. Willard McCoy asserted a claim to a one-half interest in the property by virtue of the year's support award. Patten filed an action to clear its title. In count one of the complaint Patten sought a declaratory judgment that it had acquired a fee simple interest free of any claims by Willard. In count two Patten sought damages for breach of warranty against the grantors if Willard prevailed. Willard counterclaimed, seeking a declaration that he owned a one-half interest. Several grantees of Patten intervened. Their claims are consistent with those of Patten.

The trial court granted summary judgment to Patten as to count one and dismissed count two. The trial court found that since there was no limitation on the order granting the petition to convey or encumber in 1967, this order authorized the conveyance in 1986 to Allen Webb McCoy and Mary Lucille Hester. The main appeal here is Willard's appeal. The cross-appeal is Patten's appeal which, according to Patten, was filed to preserve its right to contest the dismissal of its second count in the event that Willard prevailed on the main appeal. Patten concedes that this cross-appeal may be dismissed as moot if the trial court's judgment is affirmed.

There is an outstanding motion to dismiss the main appeal on the ground that Willard appealed the wrong order and that his enu-

meration of error was insufficient. This motion is denied. We affirm the grant of summary judgment to appellees as to count one and dismissal of count two of the complaint. The cross-appeal is dismissed.

Appellant does not challenge the 1967 order of the ordinary. Appellant's contention is that the order could not have authorized the 1986 conveyance. Appellant Willard McCoy argues that he became vested in a one-half undivided interest in the property upon entry of the year's support award in 1961. He further insists that his interest was not terminated.

The applicable Code section, OCGA § 53-5-21, provides that permission of the ordinary is necessary for an encumbrance or conveyance which affects the interest of a child in a year's support unless the child is sui juris and joins with the widow in making the conveyance or encumbrance. Although Willard was sui juris in 1986, he did not join in the conveyance. He argues that the grant of the petition to convey or encumber did not give the widow the absolute authority to dispose of the property since OCGA § 53-5-21 requires a specific application to the ordinary under oath, setting forth the purpose of the proposed conveyance or encumbrance, the appointing of a guardian ad litem by the ordinary to protect the minor, and proper notice and hearing on the application.

We agree with appellees that this case is not about year's support but about finality of judgments. At the time of the petition to convey or encumber Willard was sui juris. Publication was sufficient notice in 1967, the petition was properly published, and there were no objections. The 1967 order of the ordinary allowing unrestricted encumbrance or conveyance was not appealed and was not set aside. Willard cannot now attack the conveyance which was authorized by the 1967 order.

*Judgment affirmed in Case No. S91A0083. Appeal dismissed in Case No. S91X0084. All the Justices concur.*

DECIDED FEBRUARY 28, 1991.

*Roach, Hasty & Geiger, J. Christopher Geiger,* for appellant.

*Aiken & Ward, Lewis E. Hassett, Henning, Aitkins, Snellings & Kearns, Ian H. Miller, Baker, Chambers, Russell & Harris, Elliott R. Baker, Lowe & Steinmetz, Ralph E. Lowe,* for appellee.